THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ASHLEY S., <br><br> **Plaintiff,** <br><br> v. <br><br> KILOLO KIJAKAZI, **Acting Commissioner of Social Security,** <br><br> **Defendant.** | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:23-cv-00101-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Ashley S.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Child's Insurance Benefits ("CDBR") under Title II of the Social Security Act[2] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 8.

[2] 42 U.S.C. §§ 401-434.

[3] *Id.* at §§ 1381-1383f.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various mental impairments. Plaintiff filed concurrent applications for CDBR and SSI in July 2020.[4] Plaintiff's applications were denied initially[5] and upon reconsideration.[6] On September 22, 2022, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on October 7, 2022, denying Plaintiff's claims for CDBR and SSI.[8] Plaintiff appealed the adverse ruling, and, on January 12, 2023, the Appeals Council denied her appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On February 10, 2023, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind

---

[4] ECF Nos. 9, 14, Administrative Record ("AR ___") 257-58.

[5] AR 53-68; 69-85.

[6] AR 86-104.

[7] AR 31-52.

[8] AR 12-30.

[9] AR 1-6.

[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[11] ECF No. 4.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any

---

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[25] "If the claimant is able to perform her previous work, she is not disabled."[26] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age,

---

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).
[21] *Williams*, 844 F.2d at 751.
[22] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).
[23] *Id*. §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).
[24] *Id*. §§ 404.1545(a)(2), 416.945(a)(2).
[25] *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[26] *Williams*, 844 F.2d at 751.
[27] *Id*.
[28] *Id*.

education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[31]

## ANALYSIS

Plaintiff argues that the ALJ erred by: (I) failing to resolve a conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT") and (II) failing to properly evaluate the medical opinions of (A) neurologist John Pertab ("Dr. Pertab") and (B) psychologist Sara Christman ("Dr. Christman"). As demonstrated in order below, each of Plaintiff's arguments fail, and the court affirms the Commissioner's decision.

I. **There Are Jobs That Exist in Sufficient Numbers in the National Economy That Plaintiff Can Perform Considering Her RFC, Which Precludes a Finding of Disability.**

The ALJ appropriately determined that Plaintiff is not disabled because there are jobs that exist in sufficient numbers in the national economy that Plaintiff can perform considering Plaintiff's RFC. At step five, the Commissioner bore the burden of proving that Plaintiff "has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[32] Commensurate with this burden, the ALJ determined, based on the VE's testimony at Plaintiff's administrative hearing, that Plaintiff's RFC, age, education, and work

---

[29] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[30] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] *Williams*, 844 F.2d at 751 (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

5

experience allowed her to work in one of the following occupations: (1) housekeeping cleaner; (2) mail clerk; and (3) café attendant.[33] However, Plaintiff asserts that the VE's testimony that Plaintiff could perform the job of mail clerk is problematic because this job requires a general educational development ("GED") reasoning level 3,[34] which in turn requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations."[35] Plaintiff contends that this job is inconsistent with the ALJ's determination that Plaintiff was limited to carrying out "simple and repetitive tasks in a routine work setting."[36] As shown below, even if the court assumes that the ALJ failed to resolve the conflict between the VE's testimony and the DOT's assigned "reasoning level" for the mail clerk job, the ALJ appropriately determined that the jobs of housekeeping cleaner and café attendant were within Plaintiff's RFC and, because these jobs exist in sufficient numbers in the national economy, any error by the ALJ is harmless.

    A. <u>The ALJ Appropriately Determined That Plaintiff Could Perform the Jobs of Housekeeping Cleaner and Café Attendant.</u>

Even if the court assumes without deciding that the ALJ erred in determining that Plaintiff could perform the job of mail clerk, he appropriately determined that Plaintiff could serve as a housekeeping cleaner and café attendant because those two jobs are consistent with Plaintiff's RFC and other required considerations. Among other things, the ALJ determined that

---

[33] AR 24.

[34] DOT § 209.687-026, 1991 WL 671813 (Jan 1. 2016).

[35] *Id.*

[36] AR 20.

Plaintiff's RFC allowed her to perform "simple and repetitive tasks."[37] Housekeeping cleaner and café attendant are both jobs that qualify as "simple work." To speak more technically in terms of Social Security parlance, numerous courts—including the United States Court of Appeals for the Tenth Circuit and this court—have concluded that "simple work" reasonably equates to a GED reasoning level of 2 under the Commissioner's criteria.[38] The jobs of housekeeping cleaner and café attendant both have a reasoning level of 2.[39] Consequently, these are jobs that Plaintiff can perform according to her RFC and the other regulatory requirements that the ALJ appropriately considered.

    B. <u>Because Housekeeping Cleaner and Café Attendant Jobs Exist in Sufficient Numbers in the National Economy, Any Error the ALJ May Have Made in Considering Other Jobs Is Harmless</u>.

Even assuming that one of the three jobs the ALJ determined Plaintiff could perform was inconsistent with her RFC, such error was harmless because the two other jobs the ALJ determined Plaintiff could perform exist in sufficient numbers in the national economy, which precludes a disability finding. Indeed, the Tenth Circuit has concluded that harmless error exists where, as here, at least two of several jobs that the ALJ determined were within a plaintiff's RFC

---

[37] AR 20.

[38] *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (concluding that an RFC allowing a plaintiff to work "simple and routine work tasks" was suited to a reasoning level of 2); *Cassandra B. v. Kijakazi*, No. 2:21-cv-00228, 2022 WL 1202752, at *6 (D. Utah April 22, 2022) (concluding that an RFC allowing a plaintiff to work jobs with simple tasks to encompass a reasoning level of 2).

[39] DOT § 323.687-014, 1991 WL 672783 (Jan. 1, 2016); DOT § 311.677-010, 1991 WL 672694 (Jan. 1, 2016).

existed in sufficient numbers in the national economy.[40] This was because harmless error applies where "no reasonable fact finder could have resolved the factual matter any other way."[41]

The 955,000 jobs available in the national economy for the housekeeping cleaner and café attendant jobs preclude any reasonable fact finder from determining that the aforementioned number of jobs is insufficient in the national economy to entertain a disability finding. Although the Tenth Circuit has not provided a specific, bright-line integer that constitutes a sufficient number of jobs in the national economy to preclude a disability finding, it has stated that the harmless error number *could be* between 100 and 152,000.[42] Although the harmless error inquiry based on the number of jobs in the national economy can be nuanced,[43] a number like 955,000 obliterates nuance and easily allows any reasonable fact finder to determine that jobs in those quantities are sufficient in the national economy to preclude a finding of disability. Consequently, even if the ALJ's determination that Plaintiff could perform the mail clerk job based on her RFC was incorrect, this error is harmless.

---

[40] *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) (holding that even if ALJ erred in finding that a plaintiff could perform certain jobs, the ALJ appropriately found that the plaintiff could perform two jobs in sufficient numbers in the national economy to preclude a disability finding).

[41] *Id.*

[42] *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016).

[43] *See, e.g.*, *Margaret G. v. Kijakazi*, No. 2:23-CV-00169-TS-JCB, 2023 WL 7353755, at *5 (D. Utah Oct. 12, 2023), *report and recommendation adopted*, No. 2:23-CV-169 TS-JCB, 2023 WL 7343589 (D. Utah Nov. 7, 2023).

## II. The ALJ Properly Evaluated the Supportability and Consistency of the Medical Opinion Evidence.

The ALJ's evaluation of Dr. Pertab's and Dr. Christman's medical opinions was appropriate. Under 20 C.F.R. § 416.920c and §404.1520c, the ALJ does "not defer or give specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources."[44] Instead, the ALJ evaluates medical opinion evidence using five factors: supportability, consistency, relationship with the claimant, specialization, and other factors such as "evidence showing a medical source has familiarity with the evidence in the claim or an understanding of [the agency's] disability program's policies and evidentiary requirements."[45] The most important factors are supportability and consistency.[46] "Supportability" asks how closely connected the relevant objective medical evidence is to the supporting explanations offered by a medical source and "consistency" compares a medical opinion or prior administrative findings to the evidence.[47] An ALJ is required to articulate the persuasiveness of all medical opinions and prior administrative medical findings in a claimant's case record.[48] In support of the persuasiveness determination, an ALJ must explain how he or she "considered the supportability and

---

[44] 20 C.F.R. § 416.920c(a), §404.1520c(a).

[45] *Id.* at § 416.920c(c)(5); §404.1520c(c)(5).

[46] *Id.* at § 416.920c(b)(2); §404.1520c(b)(2).

[47] *Id.* at § 416.920c(c)(1)-(2); §404.1520c(c)(1)-(2).

[48] *Id.* § 416.920c(b); §404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record.").

consistency factors."[49] Additionally, an ALJ must consider other factors, but is not required to explicitly discuss them unless there are differing medical opinions on an issue and those opinions are equally well supported and consistent with the record.[50]

When reviewing an ALJ's compliance with these regulatory requirements, the court is mindful that an ALJ need not discuss every piece of evidence as long as the record demonstrates "that the ALJ considered all of the evidence."[51] "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."[52] Although the regulations do not discuss the depth with which the ALJ must discuss supportability and consistency, the Tenth Circuit has stated that the bare minimum requires the ALJ to provide "enough detail such that the [c]ourt can follow the [ALJ's] reasoning and determine whether the correct legal standards have been applied."[53] As shown in order below, the ALJ met these requirements for both Drs. Pertab and Christman.

    A. Dr. Pertab

The ALJ properly considered the supportability and consistency of Dr. Pertab's opinion[54] and the court refuses to reweigh the evidence. In his decision, the ALJ articulated his

---

[49] *Id.* § 416.920c(b)(2); §404.1520c(b)(2).

[50] *Id.* § 416.920c(b)(2)-(3), § 404.1520c(b)(2)-(3).

[51] *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

[52] *Id.* at 1010.

[53] *Smallwood v. Kijakazi*, No. 21-446, 2022 WL 4598499, at *3 (D.N.M. Sept. 30, 2022) (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012)) (quotations omitted).

[54] Dr. Pertab evaluated Plaintiff in December 2019 for vocational rehabilitation purposes. AR 458-71.

consideration of the "supportability" factor by finding that Dr. Pertab's opinion was supported by Dr. Pertab's interview with Plaintiff as well as testing showing Plaintiff had borderline to low-average IQ scores with low performance on mathematics achievement tests.[55] The ALJ also articulated his consideration of the "consistency" factor. The ALJ stated that, although Dr. Pertab's opinion was "somewhat nonspecific" it was "partially persuasive" and was "consistent with [Plaintiff's] retained ability to perform unskilled work without fast-paced tasks."[56] The ALJ stated Dr. Pertab's opinion was "generally consistent with other evidence, including the observations of the psychological consultative examiner, [Plaintiff's] generally normal mental status exams, [Plaintiff's] ability to graduate high school, and her parttime work at a semiskilled job."[57] Therefore, the ALJ adequately explained why he found Dr. Pertab's opinion partially persuasive and the court can follow the ALJ's reasoning.

Plaintiff essentially asks the court to reweigh Dr. Pertab's opinion evidence because the ALJ's decision does not discuss Dr. Pertab's opinion that Plaintiff may need additional supervision, time, or a job coach or Dr. Pertab's conclusions related to Plaintiff's anxiety and learning impediments.[58] However, the ALJ is not required to discuss every piece of evidence or reference everything in the administrative record.[59] The ALJ may provide representative findings

---

[55] AR 22.

[56] *Id.*

[57] *Id.*

[58] ECF No. 15 at 20.

[59] *See, e.g.*, *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009); *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010).

11

that support his conclusion.[60] Additionally, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an [ALJ's] findings from being supported by substantial evidence."[61] Rearguing the weight of the evidence is an unavailing tactic on appeal because it is not this court's role to reweigh the evidence before the ALJ.[62] Although Plaintiff disagrees with the ALJ's conclusion, she cannot reasonably dispute that the ALJ considered the "supportability" and "consistency" factors when evaluating Dr. Pertab's opinion, thus completing precisely what the regulations require.

B. Dr. Christman

Plaintiff's argument regarding the ALJ's analysis of Dr. Christman's opinion[63] suffers the same fate. In his decision, the ALJ articulated his consideration of the "supportability" factor by finding that Dr. Christman's opinion "partially supportable."[64] Specifically, the ALJ stated that Dr. Christman's opinions were "supported by [Dr. Christman's] interview of [Plaintiff] and [Plaintiff's] aunt and subjective reports."[65] They were also "partially supported by IQ and academic testing, but not supported by the accompanying benign mental status exam."[66] The ALJ also discussed his consideration of the "consistency" factor, stating that Dr. Christman's report

---

[60] *See, e.g.*, *Putnam v. Comm'r SSA*, 789 F. App'x 694, 698 (10th Cir. 2019) ("Although the ALJ specifically cited to these three exhibits, the record contains other evidence supporting his conclusions.").

[61] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[62] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted).

[63] AR 473-89.

[64] AR 23.

[65] *Id.*

[66] *Id.*

was "not wholly consistent with other evidence."[67] For example, the ALJ found Dr. Christman's suggestion that Plaintiff had ADHD was inconsistent with other evidence that reported good concentration.[68] Additionally, the ALJ noted that Dr. Christman's suggestion that Plaintiff had autism spectrum disorder was not corroborated by other doctors.[69] Furthermore, the ALJ also considered that Dr. Christman's opinion contained "nonspecific generalizations" that "lacked sufficient specificity to meaningfully inform the [RFC] finding."[70] Accordingly, the ALJ found Dr. Christman's opinion unpersuasive.[71] The applicable legal standards require no more than this.

Plaintiff's argument that the ALJ's rationale was inadequate because it "diluted" and "dismissed" Dr. Christman's opinion is nothing more than an invitation to reweigh the evidence, which the court declines to do. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[72] The "substantial evidence" standard recognizes that evidence in the record may be capable of supporting different conclusions. The ALJ cited to evidence in the record to support his

---

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.*

[71] *Id.*

[72] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

conclusions concerning the factors of supportability and consistency. This is enough. Because the ALJ's analysis complied with the relevant regulations, Plaintiff's argument fails.

## CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 17th day of November 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge